Mr. Chief Justice Johnson, delivered the opinion of the court. This case is now narrowed down to one single isolated question, and that is, whether, upon the assumption that the account current, rendered by the complainant between himself and the defendant, is strictly and technically correct, the amount of the defendant’s decree is shown by such account to remain in his favor. This is the strongest state of case that the record presents as against the defendant, and considering the account to be correctly stated, we will proceed to inquire whether the sum specified in the decree of the court below remained due to the defendant. It appears that the complainant, on the 24th of August, 1840, charged against the defendant a note for $203 67, which note the defendant held against him, and that, on the 8th November, 1840, he gave him credit for a note for precisely the same amount. There can be no doubt but that they both refer to the same note, as that fact is expressly admitted and charged in the bill. Let it be supposed that A holds the note of B for $100, and that the latter, in stating an account between himsell and A, shall first charge him with the amount of the note, and then give him credit for it, is it possible that, by such a process, he could pay off and discharge his indebtedness to A ? It seems to us clear that such would not be the result. To charge a party with an amount that he does not owe and then to give him credit for the same sum that is owing to him, most unquestionably, never can operate as a payment and satisfaction of the debt. This is a perfectly parallel case. Jennings, holding the note against Bettison, was clearly entitled to a credit, and to a deduction of that amount from the claim of Bettison against him. But, instead of making such deduction, Bettison setoff the credit by a charge in his own favor, and thereby completely neutralized the credit, and, as a matter of necessity, left the note of Jennings standing out against him. The defendant, therefore, upon the complainant’s own showing, would be entitled to the sum decreed in his favor, but his claim is not left to rest alone upon such proof, since he has been called upon to answer upon oath in relation to the matter, and by so doing has most positively. denied that the note referred to has ever been paid. Here, then, is his own answer, fortifying and sustaining the case made by the complainant; and consequently, according to all legal principles, there cannot remain a doubt of the correctness of the decree. It is therefore ordered, adjudged and decreed that the decree of the circuit court of Pulasld county, herein rendered, is in all things affirmed with costs.